JUSTIN M. HEILIG
HILL RIVKINS LLP
45 Broadway, Suite 1500
New York, NY 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,<br><br>                    Plaintiff,<br><br>    v.<br><br>UPS SUPPLY CHAIN SOLUTIONS, INC. d/b/a UPS AIR FREIGHT SERVICES,<br><br>                    Defendant. | Civil Action No. 18-cv-1909<br><br><br><br>**COMPLAINT** |

Plaintiff Mitsui Sumitomo Insurance Company of America ("MSIA"), by and through its attorneys Hill Rivkins LLP, complaining of the above-named Defendant, alleges upon information and belief as follows:

1.      This action arises from loss or damage to a shipment of glass fiber optic components used in computer network platforms, which was transported by international air carriage from China to the United States in April 2017.

2.      This Honorable Court has jurisdiction pursuant to 28 USC § 1331, in that the action is governed by the Convention for the Unification of Certain Rules for International Carriage by Air, done at Montreal on 28 May 1999 (entered into force

1

Nov. 4, 2003), S. Treaty Doc. No. 106-45, commonly known as the "Montreal Convention."

3. Defendant is subject to the personal jurisdiction of this Honorable Court by virtue of conducting business within and through this District and the State of New York. Defendant is also registered with the New York Department of State, Division of Corporations, to do business within the State of New York as a foreign business corporation.

4. At all times relevant hereto, Plaintiff MSIA was and now is a corporation organized and existing by virtue of the New York law of with an office and place of business at 560 Lexington Avenue, New York, NY 10022, and was the insurer of the cargo that is the subject matter of this litigation.

5. At all times relevant hereto, Defendant UPS Supply Chain Solutions, Inc. ("UPS") was and now is a corporation organized and existing by virtue of Delaware law with an office and place of business at 55 Glenlake Parkway Northeast, Atlanta, GA 30328, doing business under the trade name "UPS Air Freight Services," and engaged in business as a common air carrier of goods for hire.

6. At all times relevant hereto, MSIA's insureds, Senko Advanced Components, Inc. and/or Senko Advanced Components (Shenzhen) Ltd. (together "Senko"), were the shippers, consignees, and/or owners of the cargo at issue in this action. Pursuant to an insurance claim made under a policy then in force and effect, and prior to the

commencement of this action, MSIA reimbursed Senko for the cargo loss at issue, and thereby became subrogated to all of Senko's rights, remedies, and causes of action with respect to the cargo, including the claims asserted against Defendant UPS herein.

7. MSIA bring this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and MSIA is entitled to maintain this action.

8. In or about April 2017, a shipment of glass fiber optic components (the "Cargo") was tendered to Defendant UPS in good order and condition and suitable in every respect for the intended transportation, which Defendant UPS received, accepted, and agreed to transport by air carriage for certain consideration from Shenzhen, China, to Boston, MA by way of John F. Kennedy International Airport in Jamaica, NY, as more fully described in UPS house air waybill no. 5908495604.

9. Thereafter, Defendant UPS delivered the Cargo in damaged condition, as evidenced by the notation of "crushed boxes" on UPS's delivery note, resulting in a total loss thereof.

10. Defendant UPS was thus negligent and careless in its handling of the Cargo; breached its statutory, common-law, and contractual duties and obligations as an air carrier, indirect air carrier, and/or bailee of the Cargo; and was otherwise at fault.

11. Plaintiff MSIA and its subrogor Senko have duly performed all duties, obligations, and conditions precedent to be performed on their part, including but not limited to providing timely notice of the loss and resulting claim to Defendant UPS.

12. By reason of the premises, MSIA has sustained damages as nearly as same can now be estimated, no part of which has been paid, although duly demanded, in the amount of $33,744.04.

**WHEREFORE**, Plaintiff MSIA prays: (i) that process in due form of law according to the practice of this Court may issue against the Defendant UPS, citing it to appear and answer the foregoing; (ii) that a decree may be entered in the favor of MSIA against Defendant UPS in the amount of $33,744.04, together with costs, interest, and reasonable attorneys' fees; and (iii) for such other relief as this Court may deem just and proper.

Dated: March 29, 2018

HILL RIVKINS LLP, *Attorneys for*
Mitsui Sumitomo Ins. Co. of America

By: _____

Justin M. Heilig
45 Broadway, Suite 1500
New York, New York 10006
Tel: (212) 669-0600
Fax: (212) 669-0698
Email: jheilig@hillrivkins.com

4